AUGUST 4, 1948

**No. 52493.**—Olavarria & Co., Inc. *v.* United States, protests 13272–K, 18643–K, and 25765–K.C. D. 1107. Plaintiff's application for rehearing denied.

AUGUST 5, 1948

**No. 52494.**—Waitt & Bond, Inc. *v.* United States, protest 116232–K. C. D. 1113. Plaintiff's application for rehearing denied.

BEFORE THE FIRST DIVISION, AUGUST 13, 1948

**No. 52495.**—Pacific Dry Goods Co. *v.* United States, protest 78451–K (San Francisco).

Opinion by OLIVER, P. J. At the trial it was stipulated that the articles in question are not chiefly used for the amusement of children and that they are manufactures in chief value of wood. Upon the record presented it was held that the merchandise covered by items H W 80 in case No. 2175, items H W 95 in case No. 2176, and items 899 and 900 in case No. 2198 is properly dutiable at 33⅓ percent under paragraph 412, as claimed.

**No. 52496.**—Pacific Dry Goods Co. *v.* United States, protest 78452–K (San Francisco).

Opinion by OLIVER, P. J. At the trial it was stipulated that the merchandise invoiced as "combining blocks" in cases 2679, 2686, 2687, 2689, 2698, 2711, and 2712, and the merchandise invoiced as "puzzle toys" in case B 464 is not chiefly used for the amusement of children and that it consists of manufactures of wood. It was held that these items are dutiable at 33⅓ percent under paragraph 412, as claimed. Merchandise invoiced as "cone incense" and "butterfly incense" in cases B 470 and B 471, respectively, stipulated to consist of joss stick or joss light, was held entitled to free entry under paragraph 1703.

**No. 52497.**—Toa Kigyo Corp. *v.* United States, protest 102799–K (New York).

Opinion by COLE, J. An examination of the official papers disclosing nothing to disturb the action of the collector, which was presumptively correct, the protest was overruled.